```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|  |  |  |
|---|---|---|
| REVEREND ALICIA BYRD | : | |
|  | : | |
| v. | : | Civil Action No. DKC 17-3251 |
|  | : | |
| WILLIAM P. DEVEAUX, SR. | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this defamation case is the motion to remand filed by Plaintiff Alicia Byrd. (ECF No. 19). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to remand will be denied.

**I.   Background**

On September 27, 2017, Plaintiff commenced this action against Defendants Bishop William P. DeVeaux, Sr., Washington Conference Second Episcopal District African Methodist Episcopal Church ("Washington Conference"), and General Conference of the African Methodist Episcopal Church ("General Conference"), in the Circuit Court for Prince George's County, Maryland. (ECF No. 2). On November 3, African Methodist Episcopal Church, Inc. ("AMEC") removed the action from the Circuit Court for Prince George's County, stating that it was incorrectly named by

Plaintiff as "General Conference of the African Methodist Episcopal Church."[1] (ECF No. 1). On December 1, Plaintiff filed the pending motion to remand, arguing that removal was untimely and that AMEC is not a proper defendant. (ECF No. 19, at 4). Defendants filed a joint opposition (ECF No. 22), and Plaintiff replied (ECF No. 24).

## II. Standard of Review

28 U.S.C. § 1441 allows defendants to remove an action "brought in a State court of which the district courts of the United States have original jurisdiction." Pursuant to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States."

The standard of review applicable to motions to remand depends on whether the defect at issue is merely procedural or raises concerns as to the existence of subject matter jurisdiction. Deficiencies in the jurisdictional allegations in a notice of removal are procedural errors and may be challenged by motion within thirty days of removal. *Doe v. Blair*, 819 F.3d 64, 68 (4th Cir. 2016); *Ellenburg v. Spartan Motors Chassis,*

---

[1] Defendant Washington Conference asserts that it is incorrectly named and that its proper name is "Washington Annual Conference of the African Methodist Episcopal Church." (ECF Nos. 16; 17, at 1).

*Inc.*, 519 F.3d 192, 197-98 (4th Cir. 2008). Further, jurisdictional allegations in a notice of removal need not "meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint." *Ellenburg*, at 200 ("[J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner."); *Cunningham v. Twin City Fire Ins. Co.*, 669 F.Supp.2d 624, 627 (D.Md. 2009) ("Where a defendant seeks to remove a case to federal court, the defendant must simply allege subject matter jurisdiction in his notice of removal."). Concerns as to the absence of subject matter jurisdiction may be raised at any time by the court or parties, and a district court must remand any case in which it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

In considering a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Philip Morris Inc.*, 950 F.Supp. 700, 702 (D.Md. 1997) (citations omitted). This standard reflects the reluctance of federal courts "to

interfere with matters properly before a state court." *Id.* at 701. When challenged in a motion to remand, the burden is on the party asserting subject matter jurisdiction to prove by a preponderance of evidence the facts necessary to establish the court's jurisdiction. *Vest v. RSC Lexington, LLC*, 2016 WL 6646419, at *7 (D.S.C. Nov. 10, 2016).

**III. Analysis**

Plaintiff argues that removal was improper in this case because (1) the removing party, AMEC, is not a proper defendant; (2) removal was untimely; and (3) complete diversity does not exist. (ECF No. 9).

**A. Proper Defendant**

Plaintiff argues in her motion to remand that, according to *The Doctrine and Discipline of the African Methodist Episcopal Church*, "[AMEC] is not the entity that this lawsuit should be filed against" (ECF No. 19, at 6), and that "bishops are assigned, employed and paid by the General Conference not [AMEC]" (*Id.* at 7). Plaintiff fails to provide any documentation or other evidence to support her assertions.

In her complaint, Plaintiff named General Conference of the African Methodist Episcopal Church as a Defendant, and named Dr. Jeffrey Cooper, its purported "General Secretary" and "Chief Information Officer," to receive service. Dr. Cooper received

the summons and complaint on October 4 or 5, 2017.[2]  Dr. Cooper, who accepted service for General Conference, attests in his declaration attached to Defendants' joint opposition to Plaintiff's motion to remand that he is the "General Secretary and Chief Information Officer of *AMEC, Inc.*," not the General Conference.  (ECF No. 22-1, at 2) (emphasis added).  He further attests that the "General Conference is not a legal entity," and that "the proper entity to be named is in fact AMEC, Inc."[3]  (*Id.* at 3).

In her reply, Plaintiff argues that, according to *The Doctrine and Discipline*, suit can only be brought against AMEC for actions regarding real, personal, or mixed property and that "[s]ubsequently, [AMEC] is not a proper party in a matter that

---

[2] The parties dispute the date of service.  The notice of removal filed by AMEC states that AMEC received a copy of the summons and complaint on October 5, 2017.  (ECF No. 1, at 2). Mr. DeVeaux and AMEC's statement in response to court's standing order concerning removal and Dr. Cooper's declaration state that AMEC was served on October 4.  (ECF Nos. 10, at 1; 22-1, at 3). Plaintiff contends that the United States Postal Service tracking shows that Dr. Cooper was served on October 2.  The attachment she references shows that the summons and complaint were projected to be delivered on Oct. 2, but were still in transit to Mr. Cooper thereafter, perhaps as late as October 5. (ECF No. 24, at 16).  Thus, the court finds that Dr. Cooper was served on October 4, at the earliest.

[3] Dr. Cooper attests that "[t]he General Conference is the supreme body of the African Methodist Episcopal Church; it convenes at four-year intervals[,]" and that "it is a reference to the quadrennial meeting of the incorporated annual conferences of the church, which are organized through each of the 20 districts of the African Methodist Episcopal Church." (ECF No. 22-1, at 2, 3).

5

is a claim for false light invasion of privacy." (ECF No. 24, at 8-9). Not only has Plaintiff failed to provide any documentation in support of her assertions, but moreover, "an argument raised for the first time in a reply brief or memorandum will not be considered." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F.Supp.2d 731, 734 (D.Md. 2006). Therefore, Defendants have proven that AMEC is the only proper defendant if Plaintiff intends to sue for conduct she attributes to the General Conference as Mr. DeVeaux's employer.

AMEC's notice of removal contained sufficient allegations to support removal and, when challenged by Plaintiff's motion to remand, it came forward with evidence in the form of a declaration. Although Plaintiff purports to dispute AMEC's position, she has not presented any evidence. Thus, as in *La Russo v. St. George's Univ. School of Medicine*, 936 F.Supp.2d 288, 295-96 (S.D.N.Y. 2013), AMEC properly removed this action.

**B. Timely Removal**

Pursuant to 28 U.S.C. § 1446(b)(2)(B), each defendant has thirty days after receipt by that defendant of the initial pleading to file a notice of removal. Here, AMEC General Secretary Dr. Cooper received service for General Conference, at the earliest, on October 4, 2017. AMEC, stating that it was incorrectly named as General Conference, filed a notice of removal on November 3, within thirty days from the date it was

6

served with the initial pleading. Thus, the notice of removal consented to by Defendants DeVeaux and Washington Conference was timely. *See* § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to removal even though that earlier-served defendant did not previously initiate or consent to removal").

**C. Complete Diversity**

28 U.S.C. § 1441 allows defendants to remove an action "brought in a State court of which the district courts of the United States have original jurisdiction." Pursuant to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States."

Although Plaintiff contends that AMEC is not the proper defendant, she also argues that "the axiom of incorporation and principle place of business regarding [AMEC] is not applicable according to the *Doctrine and Discipline of the AME Church*[,]" because *The Doctrine and Discipline* "states that the registered agent of where the church is located is the proper procedure to follow to receive all legal complaints." (ECF No. 19, at 6-7). *The Doctrine and Discipline* states that "the AME church shall have a registered agent in every state of the country where the

7

AME Church exists[,]" and that "[t]he registered agent shall receive all legal complaints, suits, or other documents concerning . . . matters involving the AME Church." (ECF No. 19, at 14). *The Doctrine and Discipline* is not in contradiction with the federal jurisdictional rule that a corporation is not a citizen of every state in which it operates but, rather, where "it has been incorporated and . . . where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(1).  Plaintiff also asserts that according to *The Doctrine and Discipline,* the Washington Conference is incorporated in Maryland.  However, Plaintiff provides no documentation to that effect.  (ECF No. 24, at 8).

The representations contained in Defendants' notice of removal are sufficient to demonstrate federal jurisdiction based on diversity of citizenship.  Defendants' notice of removal states that Defendant DeVeaux "is an individual resident of the state of Georgia," Defendant Washington Conference "is an entity with citizenship in the District of Columbia," and AMEC "is a Pennsylvania corporation with its principal place of business in Nashville, Tennessee."  (ECF No. 1, at 2).  The notice of removal further reflects that Plaintiff is a Maryland citizen and that the amount in controversy exceeds the jurisdictional minimum.  (ECF No. 1, at 3).  Defendants have also provided a declaration from Dr. Cooper attesting to the place of

incorporation (Pennsylvania) and principal place of business (Tennessee) of AMEC.  (ECF No. 22-1, at 3).  Thus, Defendants have established diversity jurisdiction in this court, and Plaintiff's motion to remand will be denied.

**IV. Conclusion**

For the foregoing reasons, the motion to remand filed by Plaintiff Alicia Byrd will be denied.  A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge